SNELL & WILMER LLP
David G. Barker (#024657)
dbarker@swlaw.com
Emily R. Parker (#036286)
eparker@swlaw.com
One East Washington Street
Suite 2700
Phoenix, Arizona 85004
Telephone:  602-382-6000
Facsimile:  602-382-6070

WHITE & CASE LLP
Anna Naydonov (*pro hac vice* forthcoming)
anna.naydonov@whitecase.com
701 Thirteenth Street Northwest
Washington, D.C. 20005-3807
Telephone:  202-626-3600
Facsimile:   202-639-9355

WHITE & CASE LLP
David Okano (*pro hac vice* forthcoming)
david.okano@whitecase.com
Brady Schoenlein (*pro hac vice* forthcoming)
brady.schoenlein@whitecase.com
2 Palo Alto Square,
Suite 900
3000 El Camino Real
Palo Alto, California 94306-2109
Telephone:   650-213-0300
Facsimile: 650-213-8158

WHITE & CASE LLP
Alison Ibendahl (*pro hac vice* forthcoming)
alison.ibendahl@whitecase.com
609 Main Street
Suite 2900
Houston, Texas 77002
Telephone:   713-496-9700
Facsimile: 713-496-9701

*Attorneys for Plaintiff Whaleco Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Whaleco, Inc., a Delaware company, | No. |
| Plaintiff, | |
| v. | |
| **Temureviewer.com**, a domain name; **Xizeviu.com**, a domain name; **Temuz.co**, a domain name; **Temuwin.com**, a domain name; **Gencoupons.com**, a domain name; **Temupromos.online**, a domain name; **Temupromos.store**, a domain name; **Bestretailgiveaway.com**, a domain name; **Brizy.site**, a domain name; **Does 1-20**, unknown individuals, | **PLAINTIFF WHALECO, INC.'S COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Whaleco Inc. ("Whaleco" or "Plaintiff") brings this Complaint against the domain names Temureviewer.com, Xizeviu.com, Temuz.co, Temuwin.com, Gencoupons.com, Temupromos.online, Temupromos.store, Bestretailgiveaway.com, and Brizy.site (collectively, the "Infringing Domain Names") and Does 1–20 (collectively, the "Defendants"), and alleges, upon information and belief as follows:

## NATURE OF THE ACTION

1.      This is an action for cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), for infringement of Whaleco's federally registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), all arising from Defendants' unlawful registration and use of the Infringing Domain Names, which are confusingly similar to Whaleco's marks.

2.      Plaintiff Whaleco, Inc., d/b/a TEMU, launched a new online shopping platform in the U.S. on September 1, 2022.  Does 1-20 quickly identified the TEMU platform as an attractive target and have created and registered domain names that are confusingly similar to the TEMU platform's domain name.  The resulting Infringing Domain Names and associated websites divert customers from the legitimate TEMU online shopping platform to Defendants' unrelated websites purportedly offering online shopping, gift cards, and rewards.  The actions of Defendants harm consumers by misleading them as to the source of the Infringing Domain Names and creating the false impression that any products and goods offered for sale or offers on those websites are associated with and/or endorsed by TEMU.

3.      Whaleco has been unable through due diligence to identify the individuals and/or entities who created and registered the Infringing Domain Names.  The owners of the Infringing Domain Names have taken steps to conceal

their true identities from public searches through use of privacy services.

**JURISDICTION & VENUE**

4.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b) and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5.     Whaleco has been injured by way of the Infringing Domain Names, property owned by Defendants who are absentee owners.  The exercise of personal jurisdiction over all Defendants is proper because Defendants are foreign persons and/or entities who have availed themselves of this jurisdiction by committing acts of trademark infringement when they registered the Infringing Domain Names with a domain name registrar, Namecheap, Inc. ("Namecheap"), located in this judicial district. Further, by registering the Infringing Domain Names with Namecheap, the Defendants agreed to both subject matter by, and personal jurisdiction in, this Court, agreeing to "submit without objection … to the subject matter and personal jurisdiction of the courts … where [Namecheap is] located, currently those State or federal courts whose geographic districts include Maricopa County, State of Arizona."  Section 29 of Namecheap's Registration Agreement, *available at* https://www.namecheap.com/legal/domains/registration-agreement/ and attached as Exhibit 22.

6.     This Court also has *in rem* jurisdiction over the domain names Temureviewer.com, Temuz.co, Temuwin.com, Temupromos.online and Temupromos.store pursuant to 15 U.S.C. § 1125(d)(2)(A).  Whaleco, through due diligence, has been unable to identify the individuals and/or entities who created and registered Temureviewer.com, Temuz.co, Temuwin.com, Temupromos.online and Temupromos.store because the identity of the registrants are concealed by a privacy service.  15 U.S.C. § 1125(d)(2)(A)(ii).  Under 15 U.S.C. § 1125(d)(2)(C)(i), the domain names Temureviewer.com, Temuz.co, Temuwin.com, Temupromos.online and Temupromos.store are deemed to have

their situs in the judicial district where the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located.  All of these domain names have been registered with a domain registrar in this district.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to these claims occurred in this district due to the location of Namecheap—the registrar of the Infringing Domain Names—in this judicial district, and 15 U.S.C. § 1125(d)(2), because Namecheap—and the property forming the basis of *in rem* jurisdiction for Temureviewer.com, Temuz.co, Temuwin.com, Temupromos.online and Temupromos.store —is located in this judicial district.

8.     Upon information and belief, joinder of the Infringing Domain Names is proper under Rule 20(a)(2) of the Federal Rules of Civil Procedure ("Rules") because the trademark claims set forth herein appear to arise out of the same series of transactions and the same questions of law are common to all of the Infringing Domain Names.

9.     The WHOIS page for each of the Infringing Domain Names lists the same domain registrar (Namecheap), the same privacy service ("Withheld for Privacy ehf") and appear to have originated in the same country (Iceland).  Attached hereto as Exhibits 1 through 9 are true and correct copies of WHOIS page each of the Infringing Domain Names as of November 13, 2023.

**PARTIES**

10.     Plaintiff Whaleco Inc. (d/b/a TEMU) is a Delaware corporation with its principal place of business in Boston, Massachusetts.

11.     Defendant Doe 1 is an individual or entity whose identity, name, and address are currently unknown.  Doe 1 is the registrant, creator, and/or operator of the following Domain Name: < Temureviewer.com >, registered with Namecheap.

12.     Defendant Doe 2 is an individual or entity whose identity, name, and address are currently unknown.  Doe 2 is the registrant, creator, and/or operator of

the following Domain Name: < Xizeviu.com >, registered with Namecheap.

13.    Defendant Doe 3 is an individual or entity whose identity, name, and address are currently unknown.  Doe 3 is the registrant, creator, and/or operator of the following Domain Name: < Temuz.co >, registered with Namecheap.

14.    Defendant Doe 4 is an individual or entity whose identity, name, and address are currently unknown.  Doe 4 is the registrant, creator, and/or operator of the following Domain Name: < Temuwin.com >, registered with Namecheap.

15.    Defendant Doe 5 is an individual or entity whose identity, name, and address are currently unknown.  Doe 5 is the registrant, creator, and/or operator of the following Domain Name: < Gencoupons.com >, registered with Namecheap.

16.    Defendant Doe 6 is an individual or entity whose identity, name, and address are currently unknown.  Doe 6 is the registrant, creator, and/or operator of the following Domain Name: < Temupromos.online >, registered with Namecheap.

17.    Defendant Doe 7 is an individual or entity whose identity, name, and address are currently unknown.  Doe 7 is the registrant, creator, and/or operator of the following Domain Name: < Temupromos.store >, registered with Namecheap.

18.    Defendant Doe 8 is an individual or entity whose identity, name, and address are currently unknown.  Doe 8 is the registrant, creator, and/or operator of the following Domain Name: < Bestretailgiveaway.com >, registered with Namecheap.

19.    Defendant Doe 9 is an individual or entity whose identity, name, and address are currently unknown.  Doe 9 is the registrant, creator, and/or operator of the following Domain Name: < Brizy.site >, registered with Namecheap.

20.    Does 01 through 20 are individuals or corporations of unknown residence and citizenship.  Whaleco does not know any of the Does' identities or locations at this time and has been unable to discover them through reasonable due diligence.

21.    The true names and capabilities of the defendants named herein as

1    Does 1 through 20, whether individual, corporate, associate or otherwise, are

2    unknown to Whaleco, resulting in Whaleco suing these defendants under fictitious

3    names.  Based on information and belief, each Doe defendant is the actual person or

4    entity involved with the acquisition, ownership, or use of the Infringing Domain

5    Names.  Based on further information and belief, each Doe defendant is legally

6    responsible for the actions herein alleged, and the proximate cause of injury and

7    damages sustained by Whaleco as herein alleged.  Whaleco will seek leave to

8    amend this Complaint when the true names and capacities of the Doe defendants

9    are known.

10                               **FACTUAL ALLEGATIONS**

11        **A.        Whaleco's Use of the TEMU Marks.**

12        22.     Whaleco, d/b/a/ TEMU, operates an online shopping platform

13   ("TEMU.COM" or the "Platform") accessible through a website (https://temu.com)

14   and mobile applications.  The mobile application is available through the Apple

15   App Store and the Google Play Store.

16        23.     TEMU.COM launched in the United States on September 1, 2022.  It

17   quickly became the most downloaded e-commerce app for the fourth quarter of

18   2022.[1]  TEMU.COM's rapid rise is credited to its "innovative ecommerce

19   combination of online shopping and entertainment known as 'discovery-based

20   shopping.'"[2]

21        24.     TEMU.COM is an online marketplace that connects consumers with

22   sellers, manufacturers, and brands around the world.  The Platform strives to

23   continually offer the most affordable quality products to create an inclusive

24   environment for consumers and sellers.  The Platform protects customers by

25   providing trust and safety services, including protecting consumers' personal and

26   _____

27   [1] Juozas Kaziukenas, *TEMU is Most-Downloaded Shopping App in the US,* Marketplace Pulse
     (Oct. 20, 2022), https://www.marketplacepulse.com/articles/temu-is-most-downloaded-shopping-
     app-in-the-us.

28   [2] Grit Daily, *Why Everyone Is Raving About TEMU* (Jan. 19, 2023), https://gritdaily.com/why-
     everyone-is-raving-about-temu.

payment information.

25.     Since the Platform went live on September 1, 2022, Whaleco has used the "TEMU" trademark and logo to identify the Platform.

26.     Whaleco, through Five Bells Limited, is the exclusive licensee of the following valid and subsisting common law and registered marks, and has extensively used them extensively in U.S. commerce.

a.     United States Trademark Registration. No. 7,164,306 on the Principal Register in the United States Patent and Trademark Office ("USPTO") for the word mark TEMU (hereinafter the "TEMU Word Mark") for "Provision of an online marketplace for buyers and sellers of goods and services."  Attached as Exhibit 11 is a true and correct copy of the registration certificate for United States Trademark Registration No. 7,164,306, which was issued by the USPTO on September 12, 2023.

b.     United States Trademark Registration. No. 7,145,476 on the Principal Register in the USPTO for the TEMU logo mark (hereinafter the "TEMU Logo Mark") for "Provision of an online marketplace for buyers and sellers of goods and services."  Attached as Exhibit 12 is a true and correct copy of the registration certificate for United States Trademark Registration No. 7,145,476, which was issued by the USPTO on August 22, 2023.



27.     The TEMU Word Mark, TEMU Logo Mark, and the common law marks are collectively referred to herein as the "TEMU Marks."

28.     Whaleco has continuously used the TEMU Marks in commerce throughout the United States since September 1, 2022 in connection with the

provision of an ecommerce platform available online and through mobile applications, through which consumers can purchase a variety of goods.  Attached as Exhibit 13 are screen captures of representative samples of the website and mobile applications showing Whaleco's use of the TEMU Marks in connection with the provision of an online marketplace.



29.     The TEMU Logo Mark is used in the upper, left-hand corner of the TEMU.COM platform.



30.     As a result of its widespread, continuous, and exclusive use of the TEMU Marks to identify its ecommerce platform and Whaleco as its source, Whaleco owns valid and subsisting federal statutory and common law rights to the TEMU Marks.  Whaleco owned these rights prior to the Defendants' use of the Infringing Domain Names.

31.     The TEMU Marks are distinctive to both the consuming public and in Whaleco's trade.

32.     Whaleco has expended substantial time, money, and resources marketing, advertising, and promoting TEMU.COM under the TEMU Marks, including through Whaleco's marketing, advertising, and promotional efforts, and channels for the purchase of goods under its mark.

33.     Whaleco has invested substantial resources into the Platform infrastructure and in curating the sellers who transact business on the Platform.  For example, Whaleco spends significant resources screening sellers to provide consumers with a shopping experience that is high in quality.

34.     Whaleco also continuously budgets for significant expenditures on marketing and development of the brand.  The success of the Platform is driven by traffic to the Platform.  Heavy traffic to the Platform attracts higher quality sellers which in turn attracts more consumers.  To increase traffic to TEMU.COM, Whaleco dedicates significant resources to advertising including advertising during the Super Bowl and countless other online promotions and campaigns.[3]

 

35.     Customers have also begun to identify TEMU through the vibrant orange hue used for TEMU Marks and on TEMU packaging.  Social media influencers have homed in on the orange packaging as a TEMU identifier, commenting on the orange bag purchases arrive in during their "unboxing" videos posted to social media.[4]

---

[3] https://youtu.be/RgNuwb9lpeg?si=7Ryr0kEnI46wf_nX.
[4] https://www.youtube.com/watch?v=F7o7uwpUIzc;
https://www.tiktok.com/@imaginethatbylori/video/7225632942368869678.



36.     The Platform has been incredibly successful since its launch in September 2022.  By May 2023, there were over 100 million downloads.[5]  Whaleco has had substantial sales of goods from the Platform using the TEMU Marks throughout the United States.

37.     As a result of their distinctiveness and widespread use and promotion throughout the United States, the TEMU Marks are famous trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and became famous prior to the Defendants' registration and use of the Infringing Domain Names.

38.     Whaleco has scrupulously and successfully enforced and protected the TEMU Marks against past infringements and acts of cybersquatting.[6]

**B.**     **The Infringing Domain Names**

39.     Upon information and belief, on or about November 15, 2023, Defendant Doe 1 registered Temureviewer.com with the registrar Namecheap. Whaleco was unable through due diligence to ascertain the true name and contact information for Defendant Doe 1 because the contact information for Defendant Doe 1 is protected by the privacy service, Withheld for Privacy ehf.  This privacy service hides the contact information for the registrant of Temureviewer.com. Attached hereto as Exhibit 1 is a true and correct copy of the WHOIS record for the

---

[5] https://www.businessofapps.com/data/temu-statistics/
[6] Order Granting Mot. TRO, Cause No. CV-23-02243-PHX-MTL, ECF. No. 13 (D. Ariz. Nov. 3, 2023).

Infringing Domain Name as of November 20, 2023, which identifies Namecheap as the registrar for Temureviewer.com and Withheld for Privacy ehf as the privacy service.

40.     The domain name Temureviewer.com includes a website at https://temureviewer.com/ with content that is identical or confusingly similar to and dilutive of Whaleco's TEMU Marks, which were distinctive and famous when Defendant Doe 1 registered the Infringing Domain Name.  Upon information and belief, Defendant Doe 1 was aware of Whaleco's rights in the TEMU Marks when it designed this website, and intentionally used the graphics included on the website because of their similarity to the TEMU Marks.

41.     Without Whaleco's authorization and after Whaleco acquired protectable exclusive rights in the TEMU Marks and after the TEMU Marks became famous, Defendant Doe 1 posted a live website at Temureviewer.com. Defendant Doe 1's website remains active as of the filing of this complaint.

42.     The URL https://temureviewer.com/ under the Temureviewer.com domain name resolves to a website that purports to instruct consumers on how to become a TEMU product reviewer.  The website contains "TEMU" in both the domain name and in multiple places on the website.  Attached hereto as Exhibit 10 is a true and correct screenshot of Defendant Doe 1's website as of November 20, 2023.  The website uses words that are identical and confusingly similar to the TEMU Word Mark and uses an orange color resembling that on the TEMU website and on TEMU packaging.  The site seeks to replicate aspects of TEMU.COM's "look and feel."  TEMU is not affiliated with this website and is at risk of being associated with fraudulent consumer benefits.



**TEMU REVIEWER**

How To Become A TEMU Reviewer

**How to Become Temu Product Reviewer**

What is TEMU app?

Temu is a shopping app from China that has quickly become popular in the US for selling affordable items. Much like other budget-friendly apps like AliExpress and Wish, it lets people buy various goods and get them fast—usually within a week.

43.     Upon information and belief, on or about November 1, 2023, Defendant Doe 2 registered Xizeviu.com with the registrar Namecheap.  Whaleco was unable through due diligence to ascertain the true name and contact information for Defendant Doe 2 because the contact information for Defendant Doe 2 is protected by a privacy service, Withheld for Privacy ehf. This privacy service hides the contact information for the registrant of Xizeviu.com.  Attached hereto as Exhibit 2 is a true and correct copy of the WHOIS record for the Infringing Domain Name as of November 13, 2023, which identifies Namecheap as the registrar for Xizeviu.com and Withheld for Privacy ehf as the privacy service.

44.     The domain name Xizeviu.com includes a website at https://xizeviu.com/out/40026-1-4?adg_ctx=f-f3c03f6a with content that is identical or confusingly similar to and dilutive of Whaleco's TEMU Marks, which were distinctive and famous when Defendant Doe 2 registered the Infringing

Domain Name.  Upon information and belief, Defendant Doe 2 was aware of Whaleco's rights in the TEMU Marks when it designed this website, and intentionally used the graphics included on the website because of their similarity to the TEMU Marks.

45.     Without Whaleco's authorization and after Whaleco acquired protectable exclusive rights in the TEMU Marks and after the TEMU Marks became famous, Defendant Doe 2 posted a live website at Xizeviu.com.  Defendant Doe 2's website remains active as of the filing of this complaint.

46.     The URL https://xizeviu.com/out/40026-1-4?adg_ctx=f-f3c03f6a under the Xizeviu.com domain name resolves to a website that appears to be an ecommerce site that has been using the TEMU Word Mark.  Attached hereto as Exhibit 14 is a true and correct screenshot of Defendant Doe 2's website as of November 13, 2023.  The website includes a word mark in the top-left corner that is confusing and deceptively similar to the TEMU Marks.  However, TEMU has no affiliation with this website or the goods it purports come from TEMU.  TEMU is at risk of being associated with low-quality products that it has not curated or endorsed, or even worse with a phishing attempt.



47.     Upon information and belief, on or about October 2, 2023, Defendant Doe 3 registered Temuz.co with the registrar Namecheap.  Whaleco was unable through due diligence to ascertain the true name and contact information for Defendant Doe 3 because the contact information for Defendant Doe 3 is protected by a privacy service, Withheld for Privacy ehf.  This privacy service hides the contact information for the registrant of Temuz.co.  Attached hereto as Exhibit 3 is a true and correct copy of the WHOIS record for the Infringing Domain Name as of November 13, 2023, which identifies Namecheap as the registrar for Temuz.co, and Withheld for Privacy ehf as the privacy service.

48.     The domain name Temuz.co includes website at https://temuz.co that is identical or confusingly similar to and dilutive of Whaleco's TEMU Marks, which were distinctive and famous when Defendant Doe 3 registered the Infringing Domain Name.  Upon information and belief, Defendant Doe 3 was aware of Whaleco's rights in the TEMU Marks when it selected and registered the Infringing Domain Name, and knowingly and intentionally registered the Infringing Domain Name because of its similarity to the TEMU Marks.

49.     Without Whaleco's authorization and after Whaleco acquired protectable exclusive rights in the TEMU Marks and after the TEMU Marks became famous, Defendant Doe 3 posted a live website at Temuz.co.  Defendant Doe 3's website remains active as of the filing of this complaint.

50.     The URL https://temuz.co under the Temuz.co domain name resolves to a website that purports to be an ecommerce site.  The website includes "TEMU" in both the domain name and in a logo on the top-left corner of the website. Attached hereto as Exhibit 15 is true and correct screenshot of Defendant Doe 3's website as of November 13, 2023.  The logo included on the Temuz.co website is also an orange color similar to that used by Whaleco on the TEMU website and on TEMU packaging.  TEMU has no affiliation with this website or the goods it purports come from TEMU.  TEMU is at risk of being associated with low-quality

products that it has not curated or endorsed.  Below is a screenshot showing an example of the confusingly similar mark used by Temuz.co:



51.     Upon information and belief, on or about October 26, 2023, Defendant Doe 4 registered Temuwin.com with the registrar Namecheap.  Whaleco was unable through due diligence to ascertain the true name and contact information for Defendant Doe 4 because the contact information for Defendant Doe 4 is protected by a privacy service, Withheld for Privacy ehf. This privacy service hides the contact information for the registrant of Temuwin.com.  Attached hereto as Exhibit 4 is a true and correct copy of the WHOIS record for the Infringing Domain Name as of November 13, 2023, which identifies Namecheap as the registrar for Temuwin.com, and Withheld for Privacy ehf as the privacy service.

52.     The domain name Temuwin.com includes a website at https://temuwin.com/download/ that, in addition to the domain name, is identical or confusingly similar to and dilutive of Whaleco's TEMU Marks, which were distinctive and famous when Defendant Doe 4 registered the Infringing Domain Name.  Upon information and belief, Defendant Doe 4 was aware of Whaleco's rights in the TEMU Marks when it selected and registered the Infringing Domain Name, and knowingly and intentionally registered the Infringing Domain

Name because of its similarity to the TEMU Marks.

53. Without Whaleco's authorization and after Whaleco acquired protectable exclusive rights in the TEMU Marks and after the TEMU Marks became famous, Defendant Doe 4 posted a live website at Temuwin.com. Defendant Doe 4's website remains active as of the filing of this complaint.

54. The URL https://temuwin.com/download/ under the Temuwin.com domain name resolves to a website that is a self-proclaimed "fan" website. The website includes TEMU in the domain name and the displays a logo similar to the TEMU Logo Mark in an orange color extremely similar to that used by TEMU on its website and its packaging. Attached hereto as Exhibit 16 are true and correct screenshots of Defendant Doe 4's website as of November 13, 2023. The website appears to be a blog, of sorts, and it contains articles about the TEMU Platform and app and how those interfaces can be used. TEMU has no affiliation with this website or the opinions it shares. Due to the similarity of the names and logos used, TEMU is at risk of being associated with the blog posts which may contain information not endorsed by TEMU. The screenshot below shows the infringing material on Temuwin.com.



55. Upon information and belief, on or about May 25, 2023, Defendant Doe 5 registered Gencoupons.com with the registrar Namecheap. Whaleco was unable through due diligence to ascertain the true name and contact information for

Defendant Doe 5 because the contact information for Defendant Doe 5 is protected by the privacy service, Withheld for Privacy ehf. This privacy service hides the contact information for the registrant of Gencoupons.com.  Attached hereto as Exhibit 5 is a true and correct copy of the WHOIS record for the Infringing Domain Name as of November 15, 2023, which identifies Namecheap as the registrar for Gencoupons.com and Withheld for Privacy ehf as the privacy service.

56. The domain name Gencoupons.com includes a website at https://gencoupons.com/ with content that is identical or confusingly similar to and dilutive of Whaleco's TEMU Marks, which were distinctive and famous when Defendant Doe 5 registered the Infringing Domain Name.  Upon information and belief, Defendant Doe 5 was aware of Whaleco's rights in the TEMU Marks when it designed this website, and intentionally used the graphics included on the website because of their similarity to the TEMU Marks.

57. Without Whaleco's authorization and after Whaleco acquired protectable exclusive rights in the TEMU Marks and after the TEMU Marks became famous, Defendant Doe 5 posted a live website at Gencoupons.com.  Defendant Doe 5's website remains active as of the filing of this complaint.

58. The URL https://gencoupons.com/ under the Gencoupons.com domain name resolves to a website that purports to offer consumers $100 discount coupons and claims consumers can their entire TEMU order including shipping for free.  Attached hereto as Exhibit 17 is a true and correct screenshot of Defendant Doe 5's website as of November 15, 2023.  The website uses words and logos that are identical and confusingly similar to the TEMU Marks to indicate the coupon offer is allegedly to be used shopping at TEMU.  On information and belief, this is a phishing website designed to entice consumers into entering their personal information under the mistaken belief that they will receive some sort of gift card or some other item of monetary significance.  Instead, the website is harvesting personal information of the consumers.  This website is not endorsed by or

affiliated with TEMU.  However, it puts TEMU at risk of being associated with fraudulent activity.



59.    Upon information and belief, on or about June 24, 2023, Defendant Doe 6 registered Temupromos.online with the registrar Namecheap.  Whaleco was unable through due diligence to ascertain the true name and contact information for Defendant Doe 6 because the contact information for Defendant Doe 6 is protected by a privacy service, Withheld for Privacy ehf.  This privacy service hides the contact information for the registrant of Temupromos.online.  Attached hereto as Exhibit 6 is a true and correct copy of the WHOIS record for the Infringing Domain Name as of November 15, 2023, which identifies Namecheap as the registrar for Temupromos.online and Withheld for Privacy ehf as the privacy service.

60.    The domain name Temupromos.online included a website at https://temupromos.online that was identical or confusingly similar to and dilutive of Whaleco's TEMU Marks, which were distinctive and famous when Defendant Doe 6 registered the Infringing Domain Name.  Upon information and belief, Defendant Doe 6 was aware of Whaleco's rights in the TEMU Marks when it selected and registered the Infringing Domain Name, and knowingly and intentionally registered the Infringing Domain Name because of its similarity to the TEMU Marks.

61.     Without Whaleco's authorization and after Whaleco acquired protectable exclusive rights in the TEMU Marks and after the TEMU Marks became famous, Defendant Doe 6 posted a live website at Temupromos.online. After Whaleco submitted a request to Namecheap, websites on Defendant Doe 6's Infringing Domain Name appear to have been temporarily blocked, but the domain name remains active as of the filing of this complaint.

62.     The URL https://temupromos.online under the Temupromos.online domain name previously resolved to a website that purported to offer consumers discounts that could have been used on the TEMU ecommerce platform. The website included "TEMU" in both the domain name and in a logos on the webpage. Attached hereto as Exhibit 18 is true and correct screenshot of Defendant Doe 7's website as of November 15, 2023. The website used words and logos that are identical and confusingly similar to the TEMU Marks to indicate the coupon offer was allegedly to be used shopping at TEMU. TEMU has no affiliation with this website or the goods it purported came from TEMU. Below is a screenshot showing an example of the confusingly similar mark used by Temupromos.online:



63.     Upon information and belief, on or about August 1, 2023, Defendant Doe 7 registered Temupromos.store with the registrar Namecheap. Whaleco was unable through due diligence to ascertain the true name and contact information for Defendant Doe 7 because the contact information for Defendant Doe 7 is protected by a privacy service, Withheld for Privacy ehf. This privacy service hides the

1    contact information for the registrant of Temupromos.store.  Attached hereto as

2    Exhibit 7 is a true and correct copy of the WHOIS record for the Infringing Domain

3    Name as of November 15, 2023, which identifies Namecheap as the registrar for

4    Temupromos.store and Withheld for Privacy ehf as the privacy service.

5        64.    The domain name Temupromos.store included a website at

6    https://temupromos.store/ that was identical or confusingly similar to and dilutive

7    of Whaleco's TEMU Marks, which were distinctive and famous when Defendant

8    Doe 7 registered the Infringing Domain Name.  Upon information and belief,

9    Defendant Doe 7 was aware of Whaleco's rights in the TEMU Marks when it

10   selected and registered the Infringing Domain Name, and knowingly and

11   intentionally registered the Infringing Domain Name because of its similarity to the

12   TEMU Marks.

13       65.    Without Whaleco's authorization and after Whaleco acquired

14   protectable exclusive rights in the TEMU Marks and after the TEMU Marks

15   became famous, Defendant Doe 7 posted a live website at Temupromos.store.

16   After Whaleco submitted a request to Namecheap, websites on Defendant Doe 7's

17   Infringing Domain Name appear to have been temporarily blocked, but the domain

18   name remains active as of the filing of this complaint.

19       66.    The URL https://temupromos.store/ under the Temupromos.store

20   domain name previously resolved to a website that purported to be an ecommerce

21   site.  The website included "TEMU" in both the domain name and in logos on the

22   webpage.  Attached hereto as Exhibit 19 is true and correct screenshot of Defendant

23   Doe 7's website as of November 15, 2023.  The website used words and logos that

24   are identical and confusingly similar to the TEMU Marks to indicate the coupon

25   offer was allegedly to be used shopping at TEMU.  TEMU has no affiliation with

26   this website or the goods it purported come from TEMU.  Below is a screenshot

27   showing an example of the confusingly similar mark used by Temupromos.store:

28



67.     Upon information and belief, on or about September 18, 2023, Defendant Doe 8 registered Bestretailgiveaway.com with the registrar Namecheap. Whaleco was unable through due diligence to ascertain the true name and contact information for Defendant Doe 8 because the contact information for Defendant Doe 8 is protected by the privacy service, Withheld for Privacy ehf.  This privacy service hides the contact information for the registrant of Bestretailgiveaway.com. Attached hereto as Exhibit 8 is a true and correct copy of the WHOIS record for the Infringing Domain Name as of November 20, 2023, which identifies Namecheap as the registrar for Bestretailgiveaway.com and Withheld for Privacy ehf as the privacy service.

68.     The domain name Bestretailgiveaway.com includes a website at https://bestretailgiveaway.com/mbda325/?pub=325&click_id=BFf8T9sAAAGL2x Q-IQAADmoAAAFFAAAAAAAAAAy with content that is identical or confusingly similar to and dilutive of Whaleco's TEMU Marks, which were distinctive and famous when Defendant Doe 8 registered the Infringing Domain Name.  Upon information and belief, Defendant Doe 8 was aware of Whaleco's rights in the TEMU Marks when it designed the website to which the domain name Bestretailgiveaway.com resolves to, and intentionally used the graphics included on the website because of their similarity to the TEMU Marks.

69.     Without Whaleco's authorization and after Whaleco acquired

1   protectable exclusive rights in the TEMU Marks and after the TEMU Marks

2   became famous, Defendant Doe 8 posted a live website at Bestretailgiveaway.com.

3   Defendant Doe 8's website remains active as of the filing of this complaint.

4         70.    The URL

5   https://bestretailgiveaway.com/mbda325/?pub=325&click_id=BFf8T9sAAAGL2x

6   Q-IQAADmoAAAFFAAAAAAAAAAy under the Bestretailgiveaway.com

7   domain name resolves to a website that purports to offer TEMU branded pallets for

8   sale.  Attached hereto as Exhibit 20 is a true and correct screenshot of Defendant

9   Doe 8's website as of November 20, 2023.  The website uses words and logos that

10  are identical and confusingly similar to the TEMU Marks as shown below.  The

11  website includes the image of a logo and word mark on the pallets and in the

12  background that is similar to the TEMU Marks.  However, TEMU has no affiliation

13  with this website or the wholesale-style pallets of goods purporting to originate

14  from TEMU.  TEMU is at risk of being associated with products that it has not

15  curated or endorsed.  Below is a screen shot of one of the infringing uses of the

16  TEMU Marks on this website.



17        71.    Upon information and belief, on or about March 23, 2018, Defendant

1   Doe 9 registered Brizy.site with the registrar Namecheap and added the
2   Orange19199888.brizy.site second level domain sometime after TEMU's United
3   States launch.  Whaleco was unable through due diligence to ascertain the true
4   name and contact information for Defendant Doe 9 because the contact information
5   for Defendant Doe 9 is protected by the privacy service, Withheld for Privacy ehf.
6   This privacy service hides the contact information for the registrant of
7   Gencoupons.com.  Attached hereto as Exhibit 9 is a true and correct copy of the
8   WHOIS record for the Infringing Domain Name as of November 20, 2023, which
9   identifies Namecheap as the registrar for Orange19199888.brizy.site and
10  Withheld for Privacy ehf as the privacy service.

11       72.     The domain name Brizy.site includes a website at
12  https://orange19199888.brizy.site/ with content that is identical or confusingly
13  similar to and dilutive of Whaleco's TEMU Marks, which were distinctive and
14  famous when Defendant Doe 9 registered the Infringing Domain Name.  Upon
15  information and belief, Defendant Doe 9 was aware of Whaleco's rights in the
16  TEMU Marks when it designed the website to which the URL
17  Orange19199888.brizy.site resolves to, and intentionally used the graphics
18  included on the website because of their similarity to the TEMU Marks.

19       73.     Without Whaleco's authorization and after Whaleco acquired
20  protectable exclusive rights in the TEMU Marks and after the TEMU Marks
21  became famous, Defendant Doe 9 posted a live website at
22  Orange19199888.brizy.site.  Defendant Doe 9's website remains active as of the
23  filing of this complaint.

24       74.     The URL https://orange19199888.brizy.site/ under the Brizy.site
25  domain name resolves to a website that purports to offer consumers a "TEMU
26  mystery box."  Attached hereto as Exhibit 21 is a true and correct screenshot of
27  Defendant Doe 9's website as of November 20, 2023.  The website uses words and
28  logos that are identical and confusingly similar to the TEMU Marks to indicate the

offer is affiliated TEMU.  On information and belief, this is a phishing website designed to entice consumers into entering their personal information under the mistaken belief that they will receive a "mystery box."  Instead, the website is harvesting personal information of the consumers.  This website is not endorsed by or affiliated with TEMU.  However, it puts TEMU at risk of being associated with fraudulent activity.



75.   As alleged elsewhere herein, each of the Infringing Domain Names were registered with Namecheap, were registered by a user who used the privacy service Withheld for Privacy ehf to conceal their identity and appear to originate in Iceland.

76.   Defendants have no rights in or to any trademark or name that is similar to the Infringing Domain Names and associated website content and are not known by any names that are similar to the Infringing Domain Names.  Upon information and belief, Defendants had no legitimate purpose for registering the Infringing Domain Names or using identifiers identical or confusingly similar to the TEMU Marks and did so only with bad faith intent to profit from the goodwill of the TEMU Marks and from use of the Infringing Domain Names as set out herein.

77.   Upon information and belief, Defendants used the Infringing Domain Names, which are confusingly similar to and dilutive of Whaleco's famous TEMU

Marks, to divert internet users looking for the TEMU.COM Platform to Defendants' platforms.  Upon further information and belief, Defendants used the Infringing Domain Names with bad faith intent to financially benefit by misleading consumers into purchasing goods they thought were available on the TEMU.COM Platform but were in fact sold through Defendants' platforms.

78.     Because the Infringing Domain Names are confusingly similar to the TEMU Marks, and Defendants' websites sell goods and services similar to those offered on TEMU.COM or offer gift cards and rewards appearing to come from TEMU, consumers are likely to be confused into thinking that Whaleco authorized, approved, or is affiliated or connected with Defendants' websites, when that is not the case.

79.     Due to the similarity of the Infringing Domain Names and the associated website content and Whaleco's famous and distinctive TEMU Marks, consumers are likely to associate the Infringing Domain Names with Whaleco's marks, causing likely confusion and impairing the distinctiveness of Whaleco's TEMU Marks, and due to the inferior nature of the content on Defendants' websites, harming Whaleco's reputation.  Upon information and belief, Defendants intended their use of Infringing Domain Names that are confusingly similar to Whaleco's famous and distinctive TEMU Marks to cause consumers to associate the Infringing Domain Names with Whaleco's marks.

80.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Whaleco and its valuable reputation and goodwill with the consuming public, for which Whaleco has no adequate remedy at law.

# COUNT I: ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
## (15 U.S.C. § 1125(D))

**(As to Temureviewer.com, Temuz.co, Temuwin.com, Temupromos.online and Temupromos.store)**

81.     Whaleco incorporates the allegations in the preceding paragraphs as if fully set forth herein.

82.     Whaleco owns substantial rights in the TEMU Marks, including common law rights and rights as the exclusive licensee of the TEMU Registration Nos. 7,164,306 and 7,145,476.

83.     The TEMU Marks were distinctive and famous at the time the domain names **Temu**reviewer.com, **Temu**z.co, **Temu**win.com, **Temu**promos.online and **Temu**promos.store were registered, as shown by TEMU.COM's rapid rise in popularity after its U.S. launch in September 2022.

84.     On information and belief, Defendant Does registered, trafficked in, and/or used the domain names **Temu**reviewer.com, **Temu**z.co, **Temu**win.com, **Temu**promos.online and **Temu**promos.store.

85.     **Temu**reviewer.com, **Temu**z.co, **Temu**win.com, **Temu**promos.online and **Temu**promos.store are all nearly identical and confusingly similar to the distinctive and famous TEMU Marks.

86.     Defendant Does 1, 3,4, 6, and 7 registered the domain names **Temu**reviewer.com, **Temu**z.co, **Temu**win.com, **Temu**promos.online and **Temu**promos.store with a bad faith intent to profit from the confusing similarity between the domain names **Temu**reviewer.com, **Temu**z.co, **Temu**win.com, **Temu**promos.online and **Temu**promos.store and the TEMU Marks.  On information and belief, Defendants did not obtain a legal right to use the domain names **Temu**reviewer.com, **Temu**z.co, **Temu**win.com, **Temu**promos.online and **Temu**promos.store, which they are now using to divert consumers from Whaleco's legitimate website to the domain names **Temu**reviewer.com, **Temu**z.co,

1  **Temu**win.com, **Temu**promos.online and **Temu**promos.store for Defendants'
2  personal gain.

3     87.    Defendants' conduct is directly and proximately causing substantial,
4  immediate, and irreparable harm and injury to Whaleco, and to its goodwill and
5  reputation, and will continue to damage Whaleco unless enjoined by this Court.
6  Whaleco has no adequate remedy at law.

7     88.    Whaleco is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116
8  and 1125(d)(1)(C), including, among other injunctive relief, transfer of the domain
9  names **Temu**reviewer.com, **Temu**z.co, **Temu**win.com, **Temu**promos.online and
10 **Temu**promos.store to Whaleco, or forfeiture or cancellation of Defendants'
11 registrations of **Temu**reviewer.com, **Temu**z.co, **Temu**win.com,
12 **Temu**promos.online and **Temu**promos.store.

13    89.    Whaleco has been forced to hire legal counsel to pursue its claims
14 against Defendants and is entitled to reasonable attorneys' fees and costs incurred
15 in prosecuting this action to protect its rights.

16    90.    Whaleco intends to send this complaint as a notice of alleged
17 violations to the registrants of the Infringing Domain Names at the postal and e-
18 mail addresses provided by Defendants to Namecheap, pursuant to 15 U.S.C.
19 § 1125(d)(2)(A)(ii)(aa).

20     **COUNT II: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))**
21                          **(As to All Defendants)**

22    91.    Whaleco incorporates the allegations in the preceding paragraphs as if
23 fully set forth herein.

24    92.    Due to the similarity of the federally registered TEMU Marks and the
25 Infringing Domain Names, Defendants' unauthorized use of the Infringing Domain
26 Names in commerce in connection with Defendants' websites, and as otherwise
27 alleged herein, is likely to deceive consumers as to the origin, source, sponsorship,
28 or affiliation of Defendants' websites, and the goods and services offered for sale

on Defendants' websites.  Consumers are likely to believe, contrary to fact, that Defendants' websites are authorized, endorsed, or sponsored by Whaleco, that the goods and services sold and promoted on Defendants' websites are authorized, endorsed or sponsored by Whaleco, or that Defendants are in some way affiliated with or sponsored by Whaleco.  Defendants' conduct therefore constitutes infringement of the TEMU Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

93.    Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Whaleco's prior rights in the TEMU Marks and with the willful intent to cause confusion and trade on Whaleco's goodwill.

94.    Defendants' conduct is causing immediate and irreparable harm and injury to Whaleco, and to its goodwill and reputation, and will continue to both damage Whaleco and confuse the public unless enjoined by this court.  Whaleco has no adequate remedy at law.

95.    Whaleco is entitled to, among other relief, injunctive relief, reasonable attorneys' fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre- and post-judgment interest.

**COUNT III: FEDERAL UNFAIR COMPETITION (15 US.C. § 1125(A))**

**(As to All Defendants)**

96.    Whaleco incorporates the allegations in the preceding paragraphs as if fully set forth herein.

97.    Defendants' unauthorized use of the Infringing Domain Names, which is confusingly similar to Whaleco's TEMU Marks, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' websites. Consumers are likely to believe, contrary to fact, that Defendants' websites are authorized, endorsed, or sponsored by Whaleco, that the goods and services sold and promoted on Defendants' websites are authorized, endorsed, or sponsored by

1   Whaleco, or that Defendants are in some way affiliated with or sponsored by

2   Whaleco.

3       98.   Upon information and belief, Defendants' conduct as alleged herein is

4   intended to cause confusion, mistake, or deception as to the affiliation, connection,

5   or association of Defendants and Defendants' websites with Whaleco.

6       99.   Defendants' conduct as alleged herein constitutes trademark

7   infringement and false designation of origin/unfair competition in violation of

8   Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

9       100.  Defendants' conduct is causing immediate and irreparable harm and

10  injury to Whaleco, and to its goodwill and reputation, and will continue to both

11  damage Whaleco and to confuse the public unless enjoined by this Court.  Whaleco

12  has no adequate remedy at law.

13      101.  Whaleco is entitled to, among other relief, injunctive relief, reasonable

14  attorneys' fees, and costs of the action under Section 34 and 35 of the Lanham Act,

15  15 U.S.C. §§ 1116, 1117, together with pre- and post-judgment interest.

16              **COUNT IV: TRADEMARK DILUTION (15 U.S.C. § 1125(C))**

17                          **(As to All Defendants)**

18      102.  Whaleco incorporates the allegations in the preceding paragraphs as if

19  fully set forth herein.

20      103.  Whaleco's TEMU Marks are distinctive and famous within the

21  meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

22      104.  Whaleco's TEMU Marks became distinctive and famous prior to the

23  Defendants' registration and use of the Infringing Domain Names.

24      105.  Defendants' use of the Infringing Domain Names and other acts

25  alleged herein have diluted and will, unless enjoined, continue to dilute and are

26  likely to dilute the distinctive quality of Whaleco's famous TEMU Marks.

27      106.  Defendants' use of the Infringing Domain Names and acts alleged

28  herein have tarnished and will, unless enjoined, continue to tarnish Whaleco's

TEMU Marks, by harming its reputation and undermining and damaging the valuable goodwill associated therewith.

107.   Defendants' acts as alleged herein are intentional and willful violations of Section 43(c) of the Lanham Act, and have already caused Whaleco irreparable harm and will, unless enjoined, continue to harm Whaleco.  Whaleco has no adequate remedy at law.

108.   Whaleco is entitled to, among other relief, injunctive relief, reasonable attorneys' fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre- and post-judgment interest.

## JURY DEMAND

Pursuant to Rule 38, Whaleco respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Whaleco respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

a.   An Order declaring that all Defendant Does use of words and logos identical to or confusingly similar to the TEMU Marks violates Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c);

b.   An Order declaring that Defendant Doe 1, 3, 4, 6, and 7's use of the Temureviewer.com, Temuz.co, Temuwin.com, Temupromos.online and Temupromos.store domain names violate Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d));

c.   For Defendant Does 1, 3, 4, 6, and 7 and the Temureviewer.com, Temuz.co, Temuwin.com, Temupromos.online and Temupromos.store domain names, as provided by 15 U.S.C. § 1125(d):

i.   An order to Namecheap prohibiting the transfer or modification of the domain name during the pendency of the action, except upon order of the Court;

ii.  An order to Namecheap requiring it to transfer the Temureviewer.com, Temuz.co, Temuwin.com, Temupromos.online and Temupromos.store domain names to Whaleco; and

iii. An order requiring the registrar of any other domain names registered by the registrants of the Temureviewer.com, Temuz.co, Temuwin.com, Temupromos.online and Temupromos.store domain names that resemble or include the TEMU Marks be replaced with Whaleco's registrar of choice and that such registrar change the registrant to Whaleco;

d.   An Order prohibiting Defendants from transferring the Infringing Domain Names for the pendency of this litigation;

e.   An Order requiring Namecheap to prevent the transfer of any Infringing Domain Name during the pendency of this action;

f.   An Order requiring Defendants to provide their true and correct ownership information, which has currently been concealed by the Withheld for Privacy ehf privacy service;

g.   An Order requiring Withheld for Privacy ehf to provide all registration information to Whaleco submitting by the registrants of the Infringing Domain Names;

h.   An Order requiring Defendants to transfer to Whaleco the Infringing Domain Names and all other domain names Defendants own or controls that make unlawful use the TEMU Marks;

i.   An Order requiring Defendants to pay Whaleco all its litigation

expenses, including reasonable attorneys' fees and the costs of this action,

pursuant to 15 U.S.C. § 1117 and other applicable laws;

        j.     All other relief as the Court may deem appropriate.

Dated: November 22, 2023

Respectfully submitted,

/s/ *David G. Barker*

David G. Barker (#024657)
SNELL & WILMER
dbarker@swlaw.com
Emily R. Parker (#036286)
eparker@swlaw.com
One East Washington Street
Suite 2700
Phoenix, Arizona 85004
Telephone:  602-382-6000
Facsimile:  602-382-6070

WHITE & CASE LLP
Anna Naydonov (*pro hac vice* forthcoming)
anna.naydonov@whitecase.com
701 Thirteenth Street Northwest
Washington, D.C. 20005-3807
Telephone:  202-626-3600
Facsimile:   202-639-9355

David Okano (*pro hac vice* forthcoming)
david.okano@whitecase.com
Brady Schoenlein (*pro hac vice* forthcoming)
brady.schoenlein@whitecase.com
2 Palo Alto Square,
Suite 900
3000 El Camino Real
Palo Alto, California 94306-2109
Telephone:  650-213-0300
Facsimile:   650-213-8158

Alison Ibendahl (*pro hac vice* forthcoming)
alison.ibendahl@whitecase.com
609 Main Street
Suite 2900
Houston, Texas 77002

Telephone:   713-496-9700
Facsimile:   713-496-9701

*Attorneys for Plaintiff Whaleco Inc.*